# Exhibit A

**CT Corporation**
**Service of Process Notification**
06/25/2026
CT Log Number 552596203

## Service of Process Transmittal Summary

**TO:**   RENEE SIMONTON, Vice President and Secretary
RELX INC.
1105 N MARKET ST STE 501
WILMINGTON, DE 19801-1253

**RE:**   **Process Served in New York**

**FOR:**  LexisNexis Risk Solutions Inc.  (Domestic State: GA)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | LUCILLE HANSEN vs. LEXISNEXIS RISK SOLUTIONS, INC. |
| **CASE #:** | 1535472026 |
| **PROCESS SERVED ON:** | C T Corporation System, New York, NY |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/25/2026 at 13:53 |
| **JURISDICTION SERVED:** | New York |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  RENEE SIMONTON  renee.simonton@relx.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 28 Liberty Street |
| | New York, NY 10005 |
| | 8775647529 |
| | MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Thu, Jun 25, 2026
**Server Name:**              NY-NYC DROPOFFPROCESSSERVER

| Entity Served | LEXISNEXIS RISK SOLUTIONS INC. |
|---|---|
| Case Number | 1535472026 |
| Jurisdiction | NY |

| Inserts |
|---|
|  |



Case 1:26-cv-06157 Document 1-1 Filed 07/21/26 Page 4 of 27

**LexisNexis Risk Solutions Inc.**
c/o CT Corporation System
28 Liberty Street
NY, NY 10005

**LexisNexis Risk Solutions Inc.**
c/o CT Corporation System
28 Liberty Street
NY, NY 10005

FILED: NEW YORK COUNTY CLERK 03/20/2026 03:45 PM INDEX NO. 153547/2026
NYSCEF DOC. NO. 1                                                RECEIVED NYSCEF: 03/20/2026

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

LUCILLE HANSEN,

                    *Plaintiff*,

     -against-

LEXISNEXIS RISK SOLUTIONS, INC. and
AMERICREDIT FINANCIAL SERVICES,
INC. d/b/a GM FINANCIAL,

                    *Defendants*.

**SUMMONS WITH NOTICE**

---

To the Entities Named as Defendants Above:

     **PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to appear in this action by serving notice of appearance on the Plaintiff at the address of Plaintiff's counsel, via the NYSCEF system, within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the summons is not delivered personally to you within the State of New York.

     **YOU ARE HEREBY NOTIFIED THAT** should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded below.

Dated: March 20, 2026
      New York, NY

*/s/ Adam G. Singer*
**LAW OFFICE OF ADAM G. SINGER, PLLC**
One Grand Central Place
60 E. 42nd Street, Suite 4600
New York, NY 10165
212.842.2428
asinger@adamsingerlaw.com

*Counsel for Plaintiff Lucille Hansen*

**Defendants' Addresses:**
LexisNexis Risk Solutions, Inc. - 230 Park Avenue, 7th Floor, New York, NY 10169
AmeriCredit Financial Services, Inc., d/b/a GM Financial - 801 Cherry Street, Suite 3500, Fort Worth, TX 76102

INDEX NO. 153547/2026

RECEIVED NYSCEF: 03/20/2026

**Notice: The nature of this action is:**

Defendants LexisNexis Risk Solutions, Inc. and AmeriCredit Financial Services, Inc., d/b/a GM Financial ("Defendants") violated the law, including the following provisions:

- 15 U.S.C. § 1681e (b)
- 15 U.S.C. § 1681i
- 15 U.S.C. § 1681s-2(b)
- General Business Law § 380-f
- General Business Law § 380-j

Those violations include, but are not necessarily limited to, the following conduct by one or more of the Defendants:

- maintaining in and reporting from the consumer file they maintained about Plaintiff information they had reason to know was inaccurate;
- failing to maintain reasonable procedures to assure the maximum possible accuracy of information they reported about Plaintiff;
- failing to conduct reasonable investigations after Plaintiff disputed certain information in consumer reports they published about Plaintiff;
- failing to promptly delete disputed information from consumer files they maintained about Plaintiff, despite the fact that had they conducted reasonable investigations of Plaintiff's disputes, they could not have affirmatively verified that the disputed information was accurate;
- Upon information and belief, failing, after receiving notice from consumer reporting agencies that Plaintiff had disputed information furnished by GM Financial, to conduct reasonable investigations of the disputed information; and
- failing, after being unable to verify the disputed information, to modify, delete, or permanently block reporting of the disputed information.

As a consequence of Defendants' violations, Plaintiff has suffered pecuniary and non-pecuniary harm.

**The relief sought is:**

- Actual damages for both economic and emotional harm in an amount exceeding $25,000, and to be determined by the trier of fact,
- $1,000 in statutory damages per violation,
- punitive damages in an amount to be determined by the trier of fact,
- injunctive relief against reporting or continuing to report the inaccurate information,
- litigation costs and expenses, and
- reasonable attorney's fees.

Should Defendants fail to appear herein, judgment will be entered by default for the sum of $1,000,000.00, with interest to run from March 20, 2026.

Page 2 of 3

**Jury Trial:** Plaintiff demands a jury trial on all issues so triable.

**Venue:** Plaintiff designates New York County as the place of trial.  The basis of this designation is that Plaintiff resides in New York County at 615 East 14th Street, Apartment 3C, New York, NY 10009-3213.

Case 1:26-cv-06157 Document 1-1 Filed 07/21/26 Page 8 of 27

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

LUCILLE HANSEN,

                         *Plaintiff,*

         -against-

LEXISNEXIS RISK SOLUTIONS, INC.,
AMERICREDIT FINANCIAL SERVICES,
INC. d/b/a GM FINANCIAL, and GEICO
SECURE INSURANCE COMPANY,

                        *Defendants.*

Index No. 153547/2026

**AMENDED SUMMONS**
**WITH NOTICE**

To the Entities Named as Defendants Above:

       **PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to appear in this action by serving notice of appearance on the Plaintiff at the address of Plaintiff's counsel, via the NYSCEF system, within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the summons is not delivered personally to you within the State of New York.

       **YOU ARE HEREBY NOTIFIED THAT** should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded below.

Dated: June 19, 2026
       New York, NY

*/s/ Adam G. Singer*
**LAW OFFICE OF ADAM G. SINGER, PLLC**
One Grand Central Place
60 E. 42nd Street, Suite 4600
New York, NY 10165
212.842.2428
asinger@adamsingerlaw.com

*Counsel for Plaintiff Lucille Hansen*

**Defendants' Addresses:**
LexisNexis Risk Solutions, Inc. - 230 Park Avenue, 7th Floor, New York, NY 10169
AmeriCredit Financial Services, Inc., d/b/a GM Financial - 801 Cherry Street, Suite 3500, Fort Worth, TX 76102
GEICO Secure Insurance Company - 5260 Western Avenue, Chevy Chase, MD 20815

Page 1 of 3

**Notice: The nature of this action is:**

Defendants LexisNexis Risk Solutions, Inc., AmeriCredit Financial Services, Inc., d/b/a GM Financial, and GEICO Secure Insurance Company ("Defendants") violated the law, including the following provisions:

- 15 U.S.C. § 1681e (b)
- 15 U.S.C. § 1681i
- 15 U.S.C. § 1681s-2(b)
- General Business Law § 380-f
- General Business Law § 380-j

Those violations include, but are not necessarily limited to, the following conduct by one or more of the Defendants:

- maintaining in and reporting from the consumer file they maintained about Plaintiff information they had reason to know was inaccurate;
- failing to maintain reasonable procedures to assure the maximum possible accuracy of information they reported about Plaintiff;
- failing to conduct reasonable investigations after Plaintiff disputed certain information in consumer reports they published about Plaintiff;
- failing to promptly delete disputed information from consumer files they maintained about Plaintiff, despite the fact that had they conducted reasonable investigations of Plaintiff's disputes, they could not have affirmatively verified that the disputed information was accurate;
- Upon information and belief, failing, after receiving notice from consumer reporting agencies that Plaintiff had disputed information furnished by Defendants, to conduct reasonable investigations of the disputed information; and
- failing, after being unable to verify the disputed information, to modify, delete, or permanently block reporting of the disputed information.

As a consequence of Defendants' violations, Plaintiff has suffered pecuniary and non-pecuniary harm.

**The relief sought is:**

- Actual damages for both economic and emotional harm in an amount exceeding $25,000, and to be determined by the trier of fact,
- $1,000 in statutory damages per violation,
- punitive damages in an amount to be determined by the trier of fact,
- injunctive relief against reporting or continuing to report the inaccurate information,
- litigation costs and expenses, and
- reasonable attorney's fees.

Should Defendants fail to appear herein, judgment will be entered by default for the sum of $1,500,000.00, with interest to run from June 19, 2026..

Case 1:26-cv-06157 Document 1-1 Filed 07/21/26 Page 10 of 27

**Jury Trial:** Plaintiff demands a jury trial on all issues so triable.

**Venue:** Plaintiff designates New York County as the place of trial. The basis of this designation is that Plaintiff resides in New York County at 615 East 14th Street, Apartment 3C, New York, NY 10009-3213.

Page 3 of 3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

LUCILLE HANSEN,

                  *Plaintiff*,

      -against-

LEXISNEXIS RISK SOLUTIONS, INC.,
AMERICREDIT FINANCIAL SERVICES,
INC. d/b/a GM FINANCIAL, and GEICO
SECURE INSURANCE COMPANY,

                *Defendants*.

Index No.153547/2026

**COMPLAINT**

**JURY TRIAL DEMANDED**

      By and through the undersigned counsel, Plaintiff Lucille Hansen ("Plaintiff"), with knowledge as to her own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

<u>**Introduction**</u>

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and the New York Fair Credit Reporting Act, N.Y. GEN. BUS. LAW § 380 et seq. ("NY FCRA"), Plaintiff brings this civil rights action against Defendants LexisNexis Risk Solutions Inc. ("LNRS"), AmeriCredit Financial Services, Inc., d/b/a GM Financial ("GM Financial") and GEICO Secure Insurance Company ("Geico"), to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this fee-shifting action.

Case 1:26-cv-06157 Document 1-1 Filed 07/21/26 Page 12 of 27

2. In 1970, Congress passed the FCRA and enshrined within it the "need to insure that consumer reporting agencies" like LNRS "exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." FCRA § 1681(a)(4).

3. "A credit report can determine everything from whether a person can secure a credit card, purchase a home, win a new job, or start a small business. Recognizing the importance of accuracy in credit reporting, Congress adopted the Fair Credit Reporting Act in 1970 (FCRA)." *Dep't. of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 US 42, 45 (2024).

4. The purpose of the FCRA is "to require that consumer reporting agencies" like LNRS "adopt reasonable procedures for [reporting information] in a manner which is fair and equitable to the consumer, with regard to the confidentiality, *accuracy*, relevancy, and proper utilization of such information . . . ." Section 1681(b) (emphasis added). *See Kilpakis v. JPMorgan Chase Fin. Co., LLC*, 229 F. Supp. 3d 133, 142 (E.D.N.Y. 2017) (observing that the purpose of the FCRA is to address the "serious problem in the credit reporting industry . . . of inaccurate or misleading information"); *Porter v. Talbot Perkins Children's Servs.*, 355 F. Supp. 174, 176 (S.D.N.Y. 1973) (stating that "[t]he purpose of the Fair Credit Reporting Act is to protect an individual from inaccurate or arbitrary information about [that individual from appearing] in a consumer report . . . .") (citing 116 Cong. Rec. 36572 (1970)).

5. The public policy objectives underlying the FCRA remain as relevant and compelling today as ever. As recently as October 2022, Congress recognized continued systemic "failures [by consumer reporting agencies ("CRAs")] to efficiently respond to and resolve credit reporting inaccuracies raised by consumers."[1] The bipartisan subcommittee's investigation found "longstanding problems with . . . practices for responding to consumers who challenge credit

---

[1] *Select Subcommittee Requests CFPB Review After Investigation Finds Nation's Top Credit Bureaus Failed to Address Errors in Consumer Credit Reports, Press Release*, 117th Congress (Oct. 14, 2022), https://coronavirus.house.gov/news/press-releases/clyburn-cfpb-chopra-equifax-experian-transunion.

Page **2** of **15**

Case 1:26-cv-06157 Document 1-1 Filed 07/21/26 Page 13 of 27

report errors." For example, the investigation found that CRAs "disregard millions of disputes each year without investigation" based on "speculative or overly broad criteria," in a manner "contrary to the FCRA." Evidence further suggested that CRAs "may not be allocating enough staff to adequately investigate disputes."

6. Industry policies and procedures to avoid inaccuracies are so insufficient that they often fail to identify and remove even "facially false data," including entries that are "logically inconsistent" or "impossible."[2]

7. The congressional subcommittee found that CRAs like LNRS "have attempted to shift the responsibility–and blame–for the accuracy of consumer report data onto data furnishers."[3] Instead of fulfilling their independent investigatory duties under the FCRA, CRAs "engage in 'parroting,' a practice of blindly adopting the response of a data furnisher without conducting any independent investigation."

8. Data furnishers like GM Financial and Geico do bear some of the "blame" for the FCRA violations plaguing consumers like Plaintiff. As the subcommittee noted, data furnishers "often conduct pro forma, perfunctory investigations, ignoring consumer-submitted documents and information." Such investigations are "insufficient" under the FCRA.[4]

9. On April 8, 2024, the CFPB acknowledged "continuing accuracy problems in the credit reporting system," specifically finding that CRAs "failed to ensure the accuracy of credit reports, including by failing to exclude information resulting from alleged identity theft."[5]

---

[2] *See generally Advisory Opinion on Fair Credit Reporting; Facially False Data,* Bureau of Consumer Financial Protection, 12 CFR Part 1022 (October 20, 2022).

[3] *Letter from Chairman Clyburn to the Consumer Financial Protection Bureau,* 5, 117th Congress (Oct. 13, 2022), https://coronavirus-democrats-oversight.house.gov/sites/evo-subsites/coronavirus-democrats-oversight.house.gov/fil es/2022.10.13%20Clyburn%20to%20CFPB%20re%20Credit%20Reporting.pdf.

[4] *Select Subcommittee Requests CFPB Review After Investigation Finds Nation's Top Credit Bureaus Failed to Address Errors in Consumer Credit Reports, Press Release, supra,* (citing *Automated Injustice Redux, Ten Years after a Key Report, Consumers Are Still Frustrated Trying to Fix Credit Report Errors,* National Consumer Law Center (February 2019), http://www.nclc.org/wp-content/uploads/2022/08/automated-injustice-redux.pdf.)

[5] *CFPB Finds Violations of Credit Report Accuracy Requirements, Including for Survivors of Human Trafficking,*

Page **3** of **15**

The federal agency found that consumer reporting agencies systematically violated their FCRA obligations to identity theft victims such as Plaintiff, especially their obligation to block the reporting of disputed information.[6]

10. Plaintiff's experience typifies Congress's and the CFPB's findings. A victim of identity theft, Plaintiff disputed a fraudulent Geico insurance policy, a fraudulent Geico insurance claim, and numerous fraudulent inquiries, addresses, and phone numbers ("the Fraudulent Information") with CRAs including LNRS on the ground that she was a victim of identity theft and that such Fraudulent Information was the result of the fraudulent use of her personal identification information. Among the fraudulent inquiries was/were (a) fraudulent inquiry/inquiries from GM Financial, which GM Financial verified to Plaintiff, stating it was "valid and permissible and therefore will not be removed from [Plaintiff's] credit file" in correspondence dated April 15, 2024. Upon information and belief, Defendants responded to Plaintiff's disputes by conducting perfunctory, willfully ignorant investigations. Each Defendant thereby willfully violated the FCRA, denying Plaintiffs' rights under that statute.

11. Congress's and the CFPB's findings echo what juries and courts have long found in individual cases regarding damages: FCRA violations can have "serious, long-term consequences for consumers, such as blocking access to permanent housing or preventing small businesses from obtaining much-needed lines of credit."[7] Consumers like Plaintiff "are experiencing no small measure of stress, frustration, and financial hardship as a result of [the] failure to correct legitimate errors on their credit reports."[8] As recounted below, Plaintiff has

---

*Press Release,* April 8, 2024.

[6] The "companies refused to honor consumer requests to block information associated with identity theft based on overbroad criteria; failed to inform consumers when blocks were denied or rescinded; [and] failed to provide victims of identity theft with summaries of rights." *Id.*

[7] *Select Subcommittee Launches Investigation Into Credit Reporting Failures During Pandemic, Press Release,* 117th Congress (May 25, 2022).

[8] *Letter from Chairman Clyburn to the Consumer Financial Protection Bureau,* 7, 117th Congress (Oct. 13, 2022), https://coronavirus-democrats-oversight.house.gov/sites/evo-subsites/coronavirus-democrats-oversight.house.gov/fil

Page **4** of **15**

suffered extensively as a result of Defendants' violations of her consumer rights under the FCRA.

### Summary of Plaintiff's Claims Against LNRS Pursuant to the Fair Credit Reporting Act and/or New York Fair Credit Reporting Act

*Violations of FCRA § 1681e(b) and NY FCRA § 380-j*

12. LNRS violated FCRA § 1681e(b) when it failed to maintain reasonable procedures to assure the maximum possible accuracy when it prepared and published one or more consumer report(s) about Plaintiff to third parties.

13. LNRS violated New York General Business Law ("NY FCRA") § 380-j by preparing and publishing one or more inaccurate consumer report(s) about Plaintiff to third parties. Those consumer reports contained inaccurate information about Plaintiff, which LNRS knew or had reason to know was inaccurate.

14. Upon information and belief, LNRS violated NY FCRA § 380-j (a) (3) by *maintaining in* and reporting from the credit files it maintained about Plaintiff information it had reason to know was inaccurate.

*Violations of FCRA § 1681i and NY FCRA § 380-f*

15. LNRS violated FCRA § 1681i(a)(1) and NY FCRA § 380-f(a) by failing to conduct (a) reasonable reinvestigation(s) of the Fraudulent Information after Plaintiff disputed its accuracy to determine whether it was accurately reporting. A reasonable investigation should have included, and, upon information and belief, LNRS's investigations did not include or give appropriate weight to, the following items of information included or identified in Plaintiff's disputes:

    a. Plaintiff's Federal Trade Commission (FTC) Identity Theft Reports;

---

es/2022.10.13%20Clyburn%20to%20CFPB%20re%20Credit%20Reporting.pdf.

Page **5** of **15**

b. A letter from the New York State District Attorney's office concerning prosecution of a criminal case against a suspected identity thief;

c. Account, insurance policy, insurance claim, and inquiry data;

d. "Red Flags" data (as the term is defined by the FTC Red Flags Rule, 12 C.F.R. §§ 41.90-92, 222.90-91, 334.90-91, 364.100-01, 717.90-91, and 16 C.F.R. § 681.1-2); and

e. All other information included in Plaintiff's disputes and interactions with LNRS as detailed below.

16. Upon information and belief, LNRS violated FCRA § 1681i(a)(4) by failing to review and consider all relevant information communicated by Plaintiff concerning Plaintiff's disputes of the Fraudulent Account, including but not limited to the information listed above.

17. LNRS violated FCRA § 1681i(a)(5) and NY FCRA § 380-f(b)(1) by failing to promptly delete the disputed Fraudulent Information from its credit consumer for Plaintiff despite the fact that LNRS, had it conducted reasonable reinvestigations of Plaintiff's disputes, could not have verified that the disputed information was accurate.

18. LNRS violated 15 U.S.C. § 1681c-2 by failing to block the reporting of information in Plaintiff's file that Plaintiff identified as having resulted from identity theft.

**Summary of Plaintiffs' Claims Against GM Financial and Geico Pursuant to
The Fair Credit Reporting Act**

19. Based on acts and omissions described more fully below in the Statement of Facts, GM Financial and Geico are liable to Plaintiff for violating § 1681s-2(b) of the FCRA by their acts and omissions, including but not limited to:

a. failing to conduct (a) reasonable investigation(s) of Plaintiff's dispute(s) of the fraudulent inquiry/inquiries and/or account(s) and claim(s) reporting on Plaintiff's

credit reports and/or consumer reports after, upon information and belief, GM Financial and Geico received notice of Plaintiff's dispute(s) from CRAs including LNRS;

b. failing to review all relevant information provided to GM Financial and Geico by the CRAs concerning Plaintiff's dispute(s) of the fraudulent inquiry/inquiries and/or account(s) and claim(s); and

c. failing to promptly modify, delete, or permanently block any and all information about the disputed inquiry/inquiries and/or account(s) and claim(s) that GM Financial and Geico, had they conducted reasonable investigations of Plaintiff's dispute(s), could not have affirmatively verified as accurate.

## Jurisdiction and Venue

20. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p).

21. Venue is proper in this Court under New York Civil Practice Law and Rules ("CPLR") § 503 because Plaintiff resides in New York County, New York.

## The Parties

22. Plaintiff Lucille Hansen is an individual and "consumer" within the meaning of the FCRA (15 U.S.C. § 1681a(c)) and NY FCRA (NY GBL § 380-a(b)). Plaintiff resides in New York, New York.

23. Defendant LexisNexis Risk Solutions, Inc. is a Georgia corporation, duly authorized and qualified to do business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA (15 U.S.C. § 1681a(f)) and the NY FCRA (G.B.L. § 380-a(e)). LNRS is headquartered in Alpharetta, Georgia.

24. Defendant AmeriCredit Financial Services, Inc., d/b/a GM Financial, is a Delaware corporation, duly authorized and qualified to do business in the State of New York, and is a "furnisher of information" within the meaning of the FCRA.  12 C.F.R. § 1022.41(c).

25. Defendant GEICO Secure Insurance Company is a Nebraska corporation, duly authorized and qualified to do business in the State of New York, and is a "furnisher of information" within the meaning of the FCRA. 12 C.F.R. § 1022.41(c).

### Statement of Facts

26. Plaintiff is a victim of identity theft.

27. Upon information and belief, the identity theft caused the Fraudulent Information to be placed on Plaintiff's consumer reports and/or credit reports.

28. Upon information and belief, the Fraudulent Information has affected insurance rates and credit offers Plaintiff was offered, would have been offered, and/or otherwise would have qualified for.

*Plaintiff's Disputes*

29. Plaintiff filed disputes ("LNRS Disputes") about the Fraudulent Information with LNRS.

30. Plaintiff also filed disputes ("non-LNRS Disputes") with non-party CRAs about the Fraudulent Information, including (a) fraudulent GM Financial inquiry/inquiries.

31. Plaintiff also notified LNRS and the non-party CRAs about the identity theft.

32. Those LNRS Disputes included disputes that Plaintiff filed with LNRS approximately in each of the following months and years: February 2025 and February 2026.

33. Those non-LNRS Disputes included disputes that Plaintiff filed with non-party CRAs approximately in each of the following months and years: February 2024, June 2024, July 2024, and August 2024.

Page **8** of **15**

34. One or more of the LNRS Disputes included the following:

    a.  detailed explanations about what information was inaccurate, including listing the Fraudulent Information and explaining that Plaintiff was a victim of identity theft, resulting in one or more fraudulent accounts, vehicles purchased in her name, a fraudulent insurance policy, and unauthorized credit inquiries appearing on her credit reports over the past three years;

    b.  details concerning the fact that Plaintiff does not own any of the vehicles associated with the VIN numbers connected to the fraudulent Geico insurance policy and the fraudulent Geico insurance claim;

    c.  documentation confirming Plaintiff's identification;

    d.  Correspondence from the New York County District Attorney's Office regarding the prosecution of Georgianna Buffolino, the alleged identity thief, relying on information provided by Plaintiff; and

    e.  Plaintiff's Identity Theft Report(s) filed with the FTC, including Plaintiff's explanation that the alleged identity thief applied for and received a copy of Plaintiff's driver's license and purchased a car in Connecticut under Plaintiff's name with her partner Angelo Joseph Chieppo, whose name appears as an "Additional Name on Policy" on the fraudulent Geico insurance policy.

*Defendants' Responses to Plaintiff's LNRS Disputes and non-LNRS Disputes*

35. Upon information and belief, LNRS and other non-party CRAs, pursuant to § 1681i, sent Plaintiff's disputes to the corresponding furnishers, including GM Financial and Geico, which failed to conduct reasonable investigations of the disputed Fraudulent Information and

Page **9** of **15**

verified the accuracy of the disputed Fraudulent Information, including the fraudulent inquiry/inquiries and/or account(s) and claim(s), on one or more occasions.

36. Upon information and belief, LNRS, in turn, verified the accuracy of the Fraudulent Information, including the fraudulent Geico insurance policy and fraudulent Geico insurance claim, on one or more occasions.

37. LNRS failed to comply with its obligations pursuant to § 1681i and its corresponding duties pursuant to the NY FCRA in response to Plaintiff's disputes.

38. LNRS also failed to comply with its respective obligations pursuant to § 1681e(b) corresponding duties pursuant to the NY FCRA in response to Plaintiff's Disputes.

39. Instead, LNRS continued to report the Fraudulent Information on Plaintiff's consumer reports and/or maintained the Fraudulent Information as part of Plaintiff's consumer file.

40. Upon information and belief, LNRS subsequently published the Fraudulent Information on one or more occasions to potential or actual credit grantors and/or insurance policy providers.

41. Upon information and belief, LNRS did not conduct reasonable reinvestigations or maintain and/or follow reasonable procedures to assure the maximum possible accuracy of the information they reported about Plaintiff and maintained in her file.

42. Instead, upon information and belief, LNRS, on at least one or more occasions, merely parroted the furnisher investigation results.

43. Furthermore, LNRS refused to block the disputed information that Plaintiff had identified.

44. Moreover, LNRS failed to remove the Fraudulent Information in a timely fashion, in violation of the FCRA.

Case 1:26-cv-06157   Document 1-1   Filed 07/21/26   Page 21 of 27

45. Furthermore, upon information and belief, GM Financial and Geico failed to comply with their obligations pursuant to § 1681s-2(b) of the FCRA in response to Plaintiff's LNRS disputes and/or non-LNRS disputes.

*Damages*

46. As a result of Defendants' misconduct, Plaintiff has suffered actual damages, including both pecuniary and non-pecuniary harm.

47. Those pecuniary damages included, among other things, harm related to one or more insurance and credit applications.

48. Plaintiff's pecuniary damages also involve publications of the derogatory and inaccurate Fraudulent Information to other potential or actual credit, loan, or insurance providers.

49. At all times pertinent hereto, the conduct of Defendants as well as its respective agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for the rights of Plaintiff pursuant to the FCRA and/or NY FCRA.

50. As a direct and proximate result of the willful and negligent actions, conduct, and omissions of Defendants, Plaintiff suffered cognizable actual damages (both pecuniary and non-pecuniary), including but not limited to emotional distress, anxiety, frustration, humiliation, embarrassment, and damage to Plaintiff's reputation for creditworthiness and insurability.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FCRA BY LNRS

51. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

52. Based on the facts alleged in this Complaint, LNRS, by its respective actions and omissions, violated various provisions of the FCRA, including but not necessarily limited to the following provisions:

    a. 15 U.S.C. § 1681c-2 relating to identity theft;

    b. 15 U.S.C. § 1681e(b); and

    c. 15 U.S.C. § 1681i.

53. Due to the violations of the FCRA by LNRS, Plaintiff suffered actual damages (both pecuniary and non-pecuniary), including but not limited to, damage to Plaintiff's reputation, embarrassment, humiliation, anguish, and other emotional harm cognizable pursuant to the FCRA.

54. These violations by LNRS of §§ 1681c-2, 1681e, and 1681i were willful, rendering LNRS liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

55. In the alternative, these FCRA violations by LNRS were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE NY FCRA BY LNRS

56. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

57. Based on the facts alleged in this Complaint, LNRS, by its respective actions and omissions, violated various provisions of the NY FCRA (NY GBL §§ 380-380-u), including, but not necessarily limited to, the following provisions:

    a. General Business Law § 380-f; and

    b. General Business Law § 380-j.

58. These violations by LNRS of NY FCRA §§ 380-j and 380-f were willful, rendering LNRS

Page **12** of **15**

Case 1:26-cv-06157    Document 1-1    Filed 07/21/26    Page 23 of 27

liable for actual damages (both pecuniary and non-pecuniary), costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to NY FCRA § 380-l.

59. In the alternative, these NY FCRA violations LNRS were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to NY FCRA § 380-m.

60. Plaintiff is also entitled to injunctive relief restraining LNRS from any further violations of Plaintiff's rights pursuant to the NY FCRA.

**THIRD CAUSE OF ACTION**
**VIOLATIONS OF THE FCRA BY GM FINANCIAL AND GEICO**

61. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

62. Based on the facts alleged in this Complaint, GM Financial and Geico violated FCRA § 1681s-2(b) by their acts and omissions.

63. Due to these violations of § 1681s-2(b) by GM Financial and Geico, Plaintiff suffered actual damages, including but not limited to damage to their reputation, embarrassment, humiliation, anguish, and other emotional harm cognizable pursuant to the FCRA.

64. These violations of § 1681s-2(b) were willful, rendering GM Financial and Geico liable for actual damages, statutory damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

65. In the alternative, GM Financial and Geico were negligent, entitling Plaintiffs to recover actual damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendants:

1. Awarding against LNRS actual damages, statutory damages, punitive damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o as well as NY GBL § 380-l and § 380-m.

2. Ordering LNRS to:

   a. immediately and permanently (i) delete all inaccurate information from Plaintiff's credit reports and files, and (ii) cease reporting the inaccurate information to any and all persons and entities to whom LNRS reported consumer file information; and

   b. send updated and corrected consumer file information to all persons and entities to whom LNRS reported inaccurate information about Plaintiff within the last three years;

3. Enjoining LNRS from violating Plaintiff's NY FCRA and FCRA rights;

4. Awarding against GM Financial and Geico actual damages, statutory damages, punitive damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o; and

5. Such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to CPLR § 4102 (as well as Federal Rule of Civil Procedure 38), Plaintiff demands a trial by jury as to all issues so triable.

Case 1:26-cv-06157 Document 1-1 Filed 07/21/26 Page 25 of 27

*/s/ Adam G. Singer*
**LAW OFFICE OF ADAM G. SINGER, PLLC**
One Grand Central Place
60 E. 42nd Street, Suite 4600
New York, NY 10165
212.842.2428
asinger@adamsingerlaw.com

*Counsel for Plaintiff Lucille Hansen*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x

LUCILLE HANSEN,

                *Plaintiffs,*

    -against-

LEXISNEXIS RISK SOLUTIONS, INC.,            Index No. 153547/2026
AMERICREDIT FINANCIAL SERVICES, INC.
d/b/a GM FINANCIAL, and GEICO SECURE
INSURANCE COMPANY
                *Defendants.*

------------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **<u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

           6/6/18   EFM-1

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated:  June 19, 2026


|  |  |
|---|---|
| Name | Address |
| Adam G. Singer | One Grand Central Place |
|  | 60 E. 42nd Street, Suite 4600 |
| Firm Name | New York, NY 10165 |
| Law Office of Adam G. Singer, PLLC | |

Phone
212.842.2428

E-Mail
documents@adamsingerlaw.com

To:  LexisNexis Risk Solutions, Inc.
230 Park Avenue, 7th Floor,
New York, NY 10169


Index  #                            Page 2  of 2                            6/6/18   EFM-1